IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-CR-130-FL-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| CURTIS PATRICK HODGES, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion for compassionate release (DE 35) pursuant to 18 U.S.C. § 3582(c)(1)(A). The government did not respond to the motion and in this posture the issues raised are ripe for ruling.

**COURT'S DISCUSSION**

With limited exceptions, the court may not modify a sentence once it has been imposed. 18 U.S.C. § 3582(c). One exception is the doctrine of compassionate release, which permits sentence reductions in extraordinary and compelling circumstances. As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now permits a defendant to file motion for compassionate release in the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239.

The court may reduce a defendant's term of imprisonment if it finds "extraordinary and compelling reasons" warrant a sentence reduction, then considers the applicable factors in 18 U.S.C. § 3553(a), and ultimately concludes that "the reduction is consistent with applicable policy

statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021); see also United States v. McCoy, 981 F.3d 271, 275–76 (4th Cir. 2020). Although nonbinding for defendant-filed motions for compassionate release,[1] U.S.S.G. § 1B1.13 provides the following "helpful guidance" for determining whether a defendant has established extraordinary and compelling reasons for compassionate release:

(A) <u>Medical Condition of the Defendant</u>.

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is

        (I) suffering from a serious physical or medical condition,

        (II) suffering from a serious functional or cognitive impairment, or

        (III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) <u>Age of the Defendant</u>. The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) <u>Family Circumstances</u>.

    (i) The death or incapacitation of the caregiver of the defendant's

---

[1] The Sentencing Commission has not adopted a policy statement applicable to motions for compassionate release filed directly by defendants. Kibble, 992 F.3d at 330–31; McCoy, 981 F.3d at 281–83.

minor child or minor children.

        (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) <u>Other Reasons</u>.   As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. 1B1.13, cmt. n.1; <u>McCoy</u>, 981 F.3d at 282 n.7 (explaining U.S.S.G. § 1B1.13 remains "helpful guidance" even for defendant-filed motions).

Here, defendant requests compassionate release based on his mother's recent cancer diagnosis.  Defendant, however, provides no evidence suggesting his mother has been incapacitated by the diagnosis or that he is the only available caregiver for her.  <u>See</u> U.S.S.G. § 1B1.13 cmt. n.1(C)(ii) (recommending compassionate release where the defendant is the only available caregiver for an incapacitated family member).  Although § 1B1.13 is nonbinding, the court follows it herein where cancer diagnosis of an inmate's parent does not standing alone satisfy the "exceptionally high standard of relief" for obtaining compassionate release.  <u>See id.</u>; <u>McCoy</u>, 981 F.3d at 288.  The court, however, offers its condolences to defendant and his family with respect to this difficult diagnosis.

## CONCLUSION

Based on the foregoing, defendant's motion for compassionate release (DE 35) is DENIED.

SO ORDERED, this the 7th day of July, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge

4